<u>**NOT FOR PUBLICATION**</u>

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| FIAZ AFZAL, M.D. and DR. SHAHIDA SHUJA,<br><br>              Plaintiffs,<br><br>v.<br><br>NEW JERSEY BOARD OF MEDICAL EXAMINERS, et al.,<br><br>              Defendants. | Civil Action No. 22-01283 (SDW)(CLW)<br><br>**OPINION**<br><br>March 29, 2022 |

**THIS MATTER** having come before this Court upon the filing of an Amended Complaint by *pro se* Plaintiff Fiaz Afzal, M.D. and Dr. Shahida Shuja ("Plaintiffs"), and the Court having reviewed the Complaint for sufficiency pursuant to Fed. R. Civ. P. 8(a)(2) and (3) and *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L.Ed.2d 868 (2009); and

**WHEREAS** Plaintiff Afzal submitted a similar claim in February of 2018, which this Court dismissed *sua sponte* on February 21, 2018 because Plaintiff Afzal "failed to plead what, if any, action ha[d] been taken by the N[ew] J[ersey] Board of Medical Examiners [(the "Board")] against him or any claim for relief against the [Board]," and Plaintiffs submitted a similar claim in March of 2022, which this Court dismissed *sua sponte* on March 21, 2022 because Plaintiffs failed to plead facts "sufficient to support a claim entitling Plaintiffs to relief" and did not "indicate specific and cognizable legal bases for the allegations"; and

**WHEREAS** the Court afforded Plaintiff Afzal thirty days leave to file an amended complaint; and

**WHEREAS** Plaintiffs' Amended Complaint closely resembles the two previous complaints in that it is difficult to comprehend but appears to allege that Defendants have taken or are going to take some form of adverse licensure and employment action against Plaintiff Afzal based on his criminal convictions for various counts of Medicaid fraud. The Amended Complaint also appears to allege that Defendants have committed a racist act and have persecuted Defendant Afzal for his religion. The Amended Complaint does not, however, indicate specific and cognizable legal bases for the allegations, and instead presents conclusory statements, incoherent allegations, and indecipherable and incomplete exhibits; and

**WHEREAS** *pro se* complaints, although "[held] to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), must still "'state a plausible claim for relief.'" *Yoder v. Wells Fargo Bank, N.A.*, 566 F. App'x. 138, 141 (3d Cir. 2014) (quoting *Walker v. Schult*, 717 F.3d 119, 124 (2d Cir. 2013)); *Martin v. U.S. Dep't of Homeland Sec.*, No. 17-3129, 2017 WL 3783702, at *3 (D.N.J. Aug. 30, 2017); and

**WHEREAS** Plaintiffs' Amended Complaint fails to provide clear, factual support for their claims. Therefore, the facts alleged in Plaintiffs' Amended Complaint are insufficient to support a claim entitling Plaintiffs to relief. *See* Fed. R. Civ. P. 8(a)(2) (providing that an adequate complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief"); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (stating that although Rule 8 does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (explaining that to survive a Rule 12(b)(6) motion to dismiss, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level"); therefore

Plaintiffs' Amended Complaint is *sua sponte* **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). An appropriate order follows.

                                                                            /s/ Susan D. Wigenton
                                                                             **United States District Judge**

Orig:   Clerk
cc:     Parties
         Cathy L. Waldor, U.S.M.J.